## CIRCUIT COURT OF HENRICO COUNTY

Jesse Lee

v.

Mittie L. Lee

July 29, 1988

Case No. 86C781

By JUDGE JAMES E. KULP

This matter is before the Court on plaintiff's exceptions to the report of the Commissioner in Chancery. After a review of the evidence and the authorities, the Court renders this opinion.

The plaintiff has excepted to the Commissioner recommending that the defendant receive reimbursement for one-half of the enhancement value of the heating and air conditioning system and the conversion of the garage to additional living space. The plaintiff also excepts to the Commissioner recommending defendant be reimbursed for one-half of the mortgage payments made by the defendant over the past sixteen and one-half years. Lastly, the plaintiff excepts to the failure of the Commissioner to recommend any allocation of costs.

Initially, plaintiff asserts that defendant is not entitled to compensation for improvements made to the property since the defendant has filed no pleading specifically making any such claim. Generally, "a co-tenant who, in a partition suit seeks equitable compensation for improvements which he claims to have made upon the common

property, must specifically plead his claims therefor." *Griffin v. Tomlinson*, 159 Va. 161, 178-9 (1932). The Court is of the opinion that *Griffin* is distinguishable from the case at hand. Unlike *Griffin*, this case was not brought as a partition suit but was a Bill of Complaint for divorce. This is a matter which involves the equitable distribution of the marital property under § 20-107.3 of the Code of Virginia. In such circumstances, the Court is to consider the contributions of each party to the care and maintenance of the marital property. Accordingly, the Court finds that the Commissioner acted properly in considering these matters.

Further, the Court finds that the Commissioner applied the correct test in measuring the compensation to which defendant was entitled. Defendant testified that she had made expenditures for aluminum trim, carpet, heating and air conditioning, as well as other items totalling some $10,846.20 for improvements. The Commissioner correctly held, however, that in the absence of consent of the co-tenant, the amount of compensation for permanent improvements is limited to the amount by which the value of the common property has been enhanced. *Shotwell v. Shotwell*, 202 Va. 613 (1961). The real estate appraiser testified that the value of the property was enhanced by $4,400 to $4,600 for the converted garage and $2,000 for the central heat and air conditioning. Accordingly, the Court affirms the Commissioner's finding that the defendant was entitled to equitable compensation for one-half of these improvements.

The Court further finds that the Commissioner properly gave the defendant credit for one-half of the mortgage payments made by the defendant over the past years. The evidence is uncontradicted that the plaintiff left the marital home in 1969 and that the defendant has made all mortgage payments since 1970. The defendant's actions have maintained the marital asset and contributed to its present value. It would be inequitable not to give the defendant credit for her monetary contributions. Accordingly, the Court affirms the Commissioner's ruling in this regard.

Lastly, the Court believes the plaintiff is correct in that the Commissioner did not recommend any allocation of fees and costs. The commissioner did set forth the

fees and costs on the last page of his report and indicated which party had paid for which items. The court is of the opinion that each party should be responsible for one-half of the costs and the Commissioner's fee, which the Court fixes at $1,000. Further, each party should be responsible for their own attorney's fees.

In all other respects, the Court affirms the report of the Commissioner.